## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DAREL NICKIE DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 2:11-cv-00062** |
| **v.** | ) | **Judge Nixon** |
| | ) | **Magistrate Judge Brown** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is Plaintiff Darel Nickie Davis's Motion for Judgment on the

Administrative Record ("Motion") (Doc. No. 11), accompanied by a supporting Memorandum

(Doc. No. 12). Defendant Commissioner of Social Security filed a Response in Opposition.

(Doc. No. 13.) Magistrate Judge Brown issued a Report and Recommendation ("Report"),

recommending that Plaintiff's Motion be denied and that the decision of the Commissioner be

affirmed. (Doc. No. 14 at 13.) Plaintiff filed Objections to the Report (Doc. No. 15), to which

Defendant filed a Response (Doc. No. 16). Upon review of the Magistrate Judge's Report and

for the reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES**

Plaintiff's Motion.

I.     BACKGROUND

       *A. Procedural Background*

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Social

Security Income ("SSI") on December 19, 2007, with an alleged onset date of January 1, 2004.[1]

---

[1] During the ALJ hearing, the ALJ granted Plaintiff's request that his alleged onset date be amended to January 1, 2007. (Tr. at 31-32.)

1

(Tr. at 92, 94.)[2]  Plaintiff's application was initially denied on February 20, 2008 (*id.* at 51-54),

and again after reconsideration on August 21, 2008 (*id.* at 58-60).  Plaintiff filed a request for a

hearing before an Administrative Law Judge ("ALJ") on October 3, 2008.  (*Id.* at 61-62.)  A

video hearing before ALJ Joan A. Lawrence, at which Plaintiff, his attorney, and a Vocational

Expert ("VE") appeared, took place on December 1, 2009.  (*Id.* at 27.)  The ALJ issued an

unfavorable decision on April 12, 2010, finding that Plaintiff was not disabled under Sections

216(i) and 223(d) of the Social Security Act through December 31, 2009, Plaintiff's date last

insured.  (*Id.* at 15, 26.)  In her decision, the ALJ made the following findings of fact and

conclusions of law:

> 1.  The claimant last met the insured status requirements of the Social Security Act on December 31, 2009.
> 2.  The claimant did not engage in substantial gainful activity during the period from his alleged onset date of January 1, 2004 through his date last insured of December 31, 2009 (20 CFR 404.1571 *et seq.*).
> . . . .
> 3.  Through the date last insured, the claimant had the following severe impairments: bipolar disorder; depression (20 CFR 404.1520(c)).
> . . . .
> 4.  Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
> . . . .
> 5.  After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: mild limitations in [his] ability to deal with the public, maintain attention/concentration, respond appropriately to changes in the work setting, work closely to others without undue distraction, complete a normal workweek and accept instructions/criticism appropriately.
> . . . .

---

[2] An electronic copy of the administrative record is docketed in this case at Doc. No. 7.

2

> 6. Through the date last insured, the claimant was capable of performing past relevant work as an auto body pain[ter] and repair[man]. This work did not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
> . . . .
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2004, the alleged onset date, through December 31, 2009, the date last insured (20 CFR 404.1520(f)).

(*Id.* at 20-26.) The Appeals Council denied a request by Plaintiff to review the ALJ decision in a letter dated April 15, 2011, rendering the ALJ's decision the final decision of the Commissioner in this case. (*Id.* at 5-7.)

On June 8, 2011, Plaintiff filed this action to obtain judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). (Doc. No. 1.) On October 14, 2011, Plaintiff filed the instant Motion (Doc. No. 11), along with a supporting Memorandum (Doc. No. 12), to which the Defendant filed a Response on November 14, 2011 (Doc. No 13). On April 4, 2012, Magistrate Judge Brown issued his Report, recommending that Plaintiff's Motion be denied and the action be dismissed. (Doc. No. 14 at 13.) Plaintiff filed Objections to the Report on April 17, 2012. (Doc. No. 15.) Defendant filed a Response to Plaintiff's Objections to the Report on May 1, 2012. (Doc. No. 16.) The Court discusses the merits of Plaintiff's objections below.

*B. Factual Background*

The Court adopts the factual background as described in the Review of the Record in the Magistrate Judge's Report. (Doc. No. 14 at 2-9.)

## II. STANDARD OF REVIEW

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b). This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the

3

[Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, if the Commissioner adopts the ALJ's decision, the reviewing court will uphold the decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

"Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389 (6th Cir. 1999); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (en banc) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

III.     PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

A. *Plaintiff objects to the Magistrate's recommendation that the ALJ properly evaluated Plaintiff's credibility.*

Plaintiff first objects to the Magistrate Judge's recommendation that the ALJ properly evaluated Plaintiff's credibility. (Doc. No. 15 at 1.) Plaintiff refers to his testimony from the administrative hearing in which he described his alleged pain, physical limitations, and limited treatment options aside from pain medications. (*Id.* at 1-2.) Plaintiff emphasizes an MRI dated March 25, 2009, arguing that it is sufficient to establish the underlying medical conditions causing Plaintiff's alleged pain, specifically: a herniated disc at L5-S1, lumbar spondylosis, and facet arthritis. (*Id.* at 2.) Further, Plaintiff states that his testimony at the hearing is consistent with the statements he gave to various doctors and administration personnel in the past. (*Id.*) As a result, Plaintiff argues that substantial evidence does not support the ALJ's evaluation of his credibility. (*Id.*)

Next, Plaintiff argues that the ALJ failed to sufficiently consider his experiences of irritability, sleep problems, and mood swings, though Plaintiff does not cite to any evidence in the medical record that the ALJ allegedly failed to consider. (*Id.*) Plaintiff also argues that the ALJ failed to consider positive evidence of his bipolar condition. (*Id.*) Plaintiff particularly notes his short attention span, problems dealing with the public, attempted suicide, limited daily activities, and problems with rages and anxiety. (*Id.*) He states that, while he was relatively stable at the time of his hearing, he generally stays at home to avoid anxiety attacks. (*Id.* at 2-3.) Plaintiff argues that his testimony is supported by reports from his healthcare providers, without specifying which reports provide such support. (*Id.* at 3.)

In response, Defendant argues that Plaintiff merely reiterates the arguments he raised in his Motion and that the Magistrate Judge correctly analyzed and rejected these arguments in the Report. (Doc. No. 16 at 1.) With respect to the substance of Plaintiff's objections, Defendant

5

refs the Court to the arguments set forth in his Response to Plaintiff's Motion (Doc. No. 13). (Doc. No. 16 at 1.) There, Defendant argued that the ALJ properly determined that Plaintiff's statements regarding his pain were not entirely credible, noting that the ALJ discussed and adequately supported her conclusion that Plaintiff's allegations were inconsistent with the evidence in the record. (Doc. No. 13 at 10-11.) Defendant detailed the various pieces of evidence the ALJ used in her analysis of Plaintiff's mental complaints, and summarized that "Plaintiff fails to point to any specific error with the ALJ's thorough credibility analysis, and it is supported by substantial evidence." (*Id.* at 12-14.)

Since an ALJ is "charged with the duty of observing a witness's demeanor and credibility," the credibility findings of an ALJ are "to be accorded great weight and deference." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (citing *Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)). If an ALJ finds evidence contradictory to a claimant's allegations in the record, she may make an adverse credibility finding against the claimant. *Id.* (citing *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988)). An ALJ's credibility determination must be thoroughly supported by substantial evidence, *see id.* (citing *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978)), and an ALJ may not simply ignore a claimant's subjective complaints, *see Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 230 (6th Cir. 1990). An ALJ may not make credibility determinations based merely on an "intangible or intuitive notion about an individual's credibility." SSR 96-7p, 1996 WL 374186, at *4 (1996).

In making such an adverse credibility determination, an ALJ must explain his decision so that it is "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Essentially, "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007). For example, the Sixth Circuit held that an ALJ's finding that a claimant's allegation of disabling pain was not credible was adequately supported by evidence including the claimant's failure to seek significant medical treatment, reliance on non-prescription pain medication, and ability to drive. *See Blacha*, 927 F.2d at 231. Even where there is medical evidence that could reasonably support the claimant's complaints, the ALJ is not required to find the claimant credible. *See Jones v. Comm' r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003) (citing *Walters*, 127 F.3d at 531).

The validity of a claimant's subjective complaints is evaluated using the two-step test articulated by the Sixth Circuit in *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847 (6th Cir. 1986). First, the ALJ must address whether there is objective medical evidence of an underlying impairment. *Id.* at 853. If such objective medical evidence is present, then the ALJ must find that either: (1) objective medical evidence confirms the severity of the claimed pain arising from the underlying impairment, or (2) the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. *Id.* All relevant evidence is to be considered, including: the claimant's daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating or aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; treatment, other than medication, received; any measures used to relieve pain or other symptoms; and other factors concerning functional limitations and restrictions. *Felisky v. Bowen*, 35 F.3d 1027, 1038 (6th Cir. 1994) (citing 20 C.F.R. § 404.1529). The relevant

7

regulation emphasizes that claimant's statements about his symptoms should be carefully considered because symptoms can reveal a severity of impairment beyond that shown by objective medical evidence. *See* 20 C.F.R. § 404.1529(c)(3).

While there are many potential factors that an ALJ may consider when evaluating a claimant's symptoms, a few factors are particularly relevant to the instant case. First, an ALJ may rely on indications of conservative treatment when assessing credibility. *See Ashworth v. Sullivan*, No. 91-5699, 1991 WL 278961, at *7 (6th Cir. Dec. 30, 1991); *Villarreal*, 818 F.2d at 463. Second, a showing that the claimant failed to follow the course of treatment can defeat a claim when assessing credibility. *See Webster v. Sec'y of Health & Human Servs.*, No. 84-5857, 1985 WL 13523, at *3 (6th Cir. July 8, 1985) (finding that the refusal to follow a prescribed course of treatment defeats a claim in the absence of proof of incapacity to follow the course).

In the case at bar, the Magistrate Judge concluded that the ALJ relied on substantial evidence[3] when discounting Plaintiff's credibility. (Doc. No. 14 at 13.) As summarized in the Report, "the ALJ discounted Plaintiff's credibility based on his daily and social activities, the conservative treatment for both his back pain and me[n]tal health issues, and his drug use," which was noted to be as recent as February of 2007. (*Id.* at 12.) The Magistrate Judge further noted that Plaintiff did not seek treatment for his back pain until fairly recently, in 2009, and that it was then treated conservatively. (*Id.*) The Magistrate Judge also placed emphasis on the fact that Plaintiff's mental complaints were fairly stable from May of 2008 through October of 2009,

---

[3] The Magistrate Judge uses the term "significant evidence" in certain instances in the Report. (Doc. No. 14 at 13.) The Court understands "significant evidence" to be synonymous with "substantial evidence," given that the Magistrate Judge properly described the applicable standard as "substantial evidence." (*Id.* at 10, 12.)

with a consistent GAF[4] of 60 and continued positive responses by Plaintiff to the prescribed

course of medicine. (*Id.*)  The Report noted that the ALJ found it particularly relevant that

"Plaintiff was able to maintain a social relationship outside his marriage and could take care of

his personal needs." (*Id.* at 12-13.)  Lastly, the Magistrate Judge highlighted Plaintiff's

motorcycle trip with his wife only six months after his inpatient hospitalization for suicide

ideation. (*Id.* at 13.)  Thus, the Magistrate Judge concluded that the ALJ had sufficient evidence

to discount Plaintiff's credibility. (*Id.*)

The Court agrees with the Magistrate Judge's recommendation that the ALJ properly

evaluated Plaintiff's credibility in connection with both his alleged physical and mental health

concerns.  As an initial matter, the Court notes that Plaintiff's Objections reiterate the original

arguments he asserted in his Motion. (Doc. No. 12 at 11; Doc. No. 15 at 1.)  Regarding

Plaintiff's allegations of disabling physical pain, the Court finds that the ALJ relied on

substantial evidence to discount Plaintiff's credibility regarding the degree and severity of his

back problems.  Such substantial evidence included conservative treatment, the fact that surgery

was not required, the lack of significant abnormalities shown by objective scans and tests, the

fact that treating physicians made no note of nor delivered any opinion that Plaintiff's activities

were limited by his pain, and Plaintiff's reported daily and social activities. (Tr. at 24.)  As noted

above, conservative treatment is a proper source of evidence for an ALJ's findings. *See*

*Ashworth*, 1991 WL 278961, at \*7; *Villarreal*, 818 F.2d at 463.  In Dr. Kenneth Lister's final

evaluation, he wrote that Plaintiff had experienced merely transient relief from injections, but

concluded that Plaintiff's pain could be controlled through nonsteroidal anti-inflammatory

---

[4] The GAF scale considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 43 (4th ed. 2000).

9

medications. (Tr. at 497.) A review of the record also supports the ALJ's finding that objective scans and tests did not reveal significant abnormalities, particularly in the notations of only minor changes and no significant abnormalities in the MRIs performed in 2009. (*Id.* at 493-94.)

The Court further agrees with the Magistrate Judge that the ALJ correctly assessed Plaintiff's credibility regarding his mental health. The ALJ supported her findings with substantial evidence, including Plaintiff's single inpatient hospitalization, during which time Plaintiff used drugs illegally; conservative psychotropic medication prescriptions; the absence of specific limitations assigned by treating mental health professionals; the focus on situational stressors in his mental health treatment; the finding that the mental function assessments of record from the state agency psychologists comported with the residual functional capacity determination made by the ALJ; and Plaintiff's failure to continue counseling, which, as noted above, is a consideration appropriate for this analysis, *see Webster*, 1985 WL 13523, at *3. (*Id.* at 24.)

While Plaintiff argues that the ALJ "failed to give sufficient consideration to [his] reports of irritability, sleep problems and mood swings," Plaintiff fails to point to specific evidence in the record tending to show that these issues manifested in a way that would contradict the general positive baseline from May of 2008 through October of 2009. (Doc. No. 15 at 2.) Finally, Plaintiff's argument that there is positive evidence of his bipolar condition (*id.* at 2) is not at issue because the ALJ found that Plaintiff has severe impairments, including bipolar disorder (Tr. at 20). The Court also finds persuasive the Magistrate Judge's emphasis on the stabilization of Plaintiff's mental health complaints from May of 2008 through October of 2009—a significant period of time. (Doc. No. 14 at 12.) Thus, the Court agrees with the

Magistrate Judge's recommendation that the ALJ properly discounted Plaintiff's credibility as to his complaints regarding his mental and physical issues.

Next, the ALJ considered the credibility of Plaintiff's statements regarding his alleged physical pain in the absence of objective medical evidence regarding the intensity, persistence, and effects of Plaintiff's symptoms to determine the extent to which Plaintiff's ability to work is limited in accordance with the second step of the *Duncan* analysis. (Tr. at 24.) The ALJ concluded that Plaintiff's reported social and daily activities were "not suggestive of a totally disabled individual," and noted, in key part, that Plaintiff is able to take care of his personal needs and maintain a social relationship outside of his marriage. (*Id.*) First, the ALJ looked to the observation that Plaintiff required only conservative treatment for his back pain, as detailed by Dr. Lister in 2009. (*Id.* at 24, 490-98.) Relatedly, citing Dr. Lister's evaluation, the ALJ noted that Plaintiff did not require surgical intervention, and that his pain was chronic in nature. (*Id.* at 24.) The ALJ also emphasized that Plaintiff's objective scans and tests did not reveal any significant abnormalities. (*Id.*) The ALJ found additional support for discounting Plaintiff's credibility in reports from physicians who treated Plaintiff, in which the physicians neither assigned any specific physical limitations to Plaintiff's activities nor opined that he was disabled as a result of his alleged back pain. (*Id.*) In sum, the ALJ noted that Plaintiff's reported daily and social activities, including his ability to care for his personal needs, discredit his allegations of disabling back pain. (*Id.*)

Regarding Plaintiff's credibility as to his mental health concerns, the ALJ first noted that Plaintiff required only conservative treatment for his mental health issues. (*Id.* at 20.) As an illustration of Plaintiff's conservative treatment, the ALJ referenced a singular instance of inpatient hospitalization following an episode of suicide ideation, and noted that while Plaintiff

11

denied drug use at the time, he tested positive for prescription pain medicine, which he had obtained illegally. (*Id.* at 24, 301-04.) Additionally, the ALJ cited the conservative prescription of psychotropic medicines and the absence of specific limitations noted in the medical record by any of Plaintiff's treating mental health professionals. (*Id.* at 24.) The ALJ also noted that most of the Plaintiff's mental health treatment focused on situational stressors and emphasized Plaintiff's failure to continue counseling. (*Id.*) Finally, the ALJ noted that the only mental function assessments in the record are those from state agency psychologists, which comport with the residual functional capacity determined by the ALJ. (*Id.*)

In sum, the Court agrees with and hereby adopts the Magistrate Judge's recommended finding that the ALJ properly evaluated Plaintiff's credibility by relying on substantial evidence.

>   B. *Plaintiff objects to the Magistrate's recommendation that the ALJ properly found Mr. Davis has no physical limitations.*

Plaintiff asserts that the Magistrate Judge incorrectly recommended that the ALJ properly found that Plaintiff has no physical limitations. (Doc. No. 15 at 3.) In making this assertion, Plaintiff points only to an MRI dated March 25, 2009, with related physician reports, and notes that he received steroid injections in an effort to control his pain. (*Id.*) Plaintiff thus argues that the ALJ erred in finding no physical limitations at any exertional level. (*Id.*)

In response, Defendant argues that Plaintiff merely reiterates the arguments he raised in his Motion and that the Magistrate Judge correctly analyzed and rejected these arguments in the Report. (Doc. No. 16 at 1.) With respect to the substance of Plaintiff's objections, Defendant refers the Court to the arguments set forth in his Response to Plaintiff's Motion (Doc. No. 13). (Doc. No. 16 at 1.) There, Defendant argued that the ALJ properly evaluated the Plaintiff's alleged physical limitations in her assessment of Dr. Lister's medical records. (Doc. No. 13 at 15.) After summarizing and analyzing the evidence considered by the ALJ, Defendant argued

that substantial evidence supported the ALJ's decision that Plaintiff is not disabled.  (*Id.* at 15-16.)

When there is no proof of physically disabling pain and "without detailed corroborating medical evidence, [the Sixth Circuit] will generally defer to the ALJ's assessment."  *Blacha*, 927 F.2d at 230 (citing *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)).  This is in keeping with the above-discussed standard of review, where the reviewing court should uphold the administrative decision if it is supported by substantial evidence.  *See Garner*, 745 F.2d at 387.  In connection with the instant case, it is useful to note that medical issues can be found to be successfully controlled by drugs, *see Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987), and that the severity of a condition is not to be assumed based on a "mere diagnosis," *see Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

In the case at bar, the Magistrate Judge recommended finding that the ALJ properly determined Plaintiff to have no physical limitations.  (Doc. No. 14 at 13.)  The Magistrate Judge found that the ALJ "clearly evaluated" the Plaintiff's medical records, and noted that the Plaintiff's pain was controlled with anti-inflammatory medicines.  (*Id.*).  As with the analysis of Plaintiff's credibility regarding his physical complaints, the Magistrate Judge looked to the ALJ's finding that the Plaintiff's treating physicians did not assign any "specific physical limitations to his ability to function and none opined that he was disabled due to physical impairments."  (*Id.*)  The Magistrate Judge emphasized that Plaintiff did not seek treatment for his pain until 2009, and that his problems were treated conservatively, and thus concluded that the ALJ had substantial evidence for her finding that Plaintiff has no physical limitations.  (*Id.*)

As discussed in the analysis of Plaintiff's first objection above, the Court finds that the ALJ properly relied on substantial evidence when evaluating Plaintiff's complaints of disabling

13

physical pain and its limiting effects, including such considerations as the lack of surgery, the absence of significant abnormalities, and the fact that no notations or opinions by physicians supporting Plaintiff's alleged disability were in the record. The Court notes that this objection by Plaintiff reiterates an argument made in his Motion. (Doc. No. 12 at 15; Doc. No. 15 at 3.) In addition, the Court believes the objection is further addressed by noting the ALJ's alternative findings at step five of the sequential evaluation process, where she found that a hypothetical individual with Plaintiff's non-exertional limitations and a restriction to a light exertional level would be able to find work. (Tr. at 24-25.) Therefore, the Court agrees with the Magistrate Judge that the ALJ's decision was based on substantial evidence.

The ALJ cited conservative treatment, the fact that surgery was not required, the lack of significant abnormalities shown by objective scans and tests, the fact that treating physicians neither noted nor delivered any opinion that Plaintiff's activities were limited by his pain, and Plaintiff's reported daily and social activities. (*Id.* at 24.) Additionally, the ALJ questioned the VE at the hearing about the potential work available for a hypothetical individual with Plaintiff's non-exertional limitations and no exertional restrictions, or in the alternative, with exertional restrictions to either the medium or light level. (*Id.* at 45-47.) If a hypothetical individual with Plaintiff's non-exertional limitations were restricted to a light exertional level of work, the VE testified that there was work available as a parking lot attendant, quality control specialist, or production assembler. (*Id.* at 46.) The ALJ cited this testimony when concluding that, through the date last insured, Plaintiff was capable of making a successful adjustment to other work, and that therefore a finding that Plaintiff was not disabled was appropriate. (*Id.* at 26.)

14

In sum, the Court agrees with and hereby adopts the Magistrate Judge's recommended finding that the ALJ relied on substantial evidence to find that Plaintiff had no physical limitations.

Accordingly, the Court **DENIES** Plaintiff's Motion and **ADOPTS** the Report in its entirety.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Motion is **DENIED** and the Court **ADOPTS** the Magistrate Judge's Report in its entirety.  The decision of the Commissioner is **AFFIRMED**. This Order terminates this Court's jurisdiction over the above-styled action, and the case is **DISMISSED**.  The Clerk of the Court is **DIRECTED** to close the case.

It is so ORDERED.

Entered this          19th          day of June, 2012.


_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

15